UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7896 GAF-RZx | Date | December 6, 2013 |
|---|---|---|---|
| Title | John Omavel Luciano v. Chase Bank et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes Kerr | None | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |
| None | None | | |

**Proceedings:**      **(In Chambers)**

### ORDER TO SHOW CAUSE

On October 25, 2013, Jose Jaime Montero brought this action on behalf of Plaintiff John Omavel Luciano, via "power of attorney," against Chase Bank. (Docket No. 1, [Complaint ("Compl.")].) The Court issued an order to show cause why the case should not be dismissed for lack of jurisdiction on November 8, 2013. (Docket No. 5 [11/8/13 Order].) Plaintiff has now responded, however he has not addressed the jurisdictional defects present in his initial Complaint. (Docket No. 11 [Not. to the Court ("Not.")].)

Plaintiff's response is, to put it bluntly, nonsensical. Sentence fragments with no apparent relationship to one another are combined to form paragraphs. A series of federal statutes and treaties are cited that touch on everything from the Trading with the Enemy Act of 1917 to the definition of the word "settle" as it pertains to certain admiralty claims—even though this appears to be a case sounding in fraudulent foreclosure. (Not. at 2, 4; see 10 U.S.C. § 4801; 12 U.S.C. § 95a.)

Therefore Plaintiff is once again instructed that federal courts are courts of limited jurisdiction, and the burden of establishing jurisdiction rests upon the party asserting it. Kokkonen v. Guardian Life Ins. Co. Of Am., 511 U.S. 375, 377 (1994). This can be done either by asserting federal question jurisdiction, or by asserting diversity jurisdiction.

With respect to federal question jurisdiction, "a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." Vaden v. Discover Bank, 556 U.S. 49, 50 (2009) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Simply quoting federal statutes, which clearly have no bearing on this case or any other case Plaintiff might conceivably bring, without creating a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7896 GAF-RZx | Date | December 6, 2013 |
|---|---|---|---|
| Title | John Omavel Luciano v. Chase Bank et al | | |

connection to the allegations of the Complaint, is insufficient to meet the standard described in <u>Vaden</u>.

In addition, diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the matter is between citizens of different states. 28 U.S.C. § 1332(a). "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, i.e. every plaintiff must be diverse from every defendant." <u>Osborn v. Metropolitan Life Ins. Co.</u>, 341 F. Supp. 2d 1123, 1126 (E.D. Cal. 2004). For purposes of § 1332(a), an individual's citizenship is based on the location of his domicile—"[his] permanent home, where [he] resides with the intention to remain or to which [he] intends to return." <u>Kanter v. Warner-Lambert Co.</u>, 265 F.2d 853, 857–58 (9th Cir. 2001). A corporation is deemed to be a "citizen of any State by which it has been incorporated ***and*** of the State where it has its principal place of business." <u>Id.</u> at § 1332(c)(1) (emphasis added). And "[a]ll national banking associations shall . . . be deemed citizens of the State in which they are respectively located." A national banking association is deemed to be "located" for the purposes of citizenship in the state in which its main office, as set forth in its articles of incorporation, is located. <u>Wachovia Bank, N.A. v. Schmidt</u>, 546 U.S. 303, 307 (2006). While Plaintiff alleges an amount in controversy of $756,000, (Compl. at 2), neither his Complaint nor his response to the Court's prior order allege the citizenship of any of the parties involved in the action. He therefore does not meet the requirements necessary for invoking this Court's diversity jurisdiction.

In order to assist Plaintiff in responding to this order to show cause, the Court provides here the information for the Federal Pro Se Clinic. The Federal Pro Se Clinic in Los Angeles is located in:

> The United States Courthouse
> 312 N. Spring Street, Room G-19, Main Street Floor
> Los Angeles, CA 90012

and can be reached at 213-385-2977, Ext. 270. Plaintiff is urged to check the website or call for available hours.

Finally, in its prior order the Court informed Mr. Montero that he may not represent Plaintiff because he is not an admitted attorney. (11/8/13 Order at 2.) Under the Local Rules of this District, a pro se individual may represent only himself. C.D. Cal. R. 83-2.2.1. Mr. Montero has disregarded this statement, and continues to act on Plaintiff's behalf. (<u>See</u> Not.) In other words, whether he is a "Secured Party Creditor" or not, (Resp. at 2), Mr. Montero may not represent Plaintiff in this case.

**LINK: 11**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7896 GAF-RZx | Date | December 6, 2013 |
|---|---|---|---|
| Title | John Omavel Luciano v. Chase Bank et al | | |

    This Court must have federal question *or* diversity jurisdiction in order to hear Plaintiff's case, and Plaintiff has not alleged facts sufficient to support either.  It is therefore unclear why the Court should have jurisdiction.  Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** no later than **Thursday, January 9, 2014**, as to why this action should not be dismissed for lack of subject matter jurisdiction.  **Failure to respond will be deemed consent to dismissal of this action.**

    **IT IS SO ORDERED.**