JS - 6  LINK: 20

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7896 GAF-RZx | Date | January 7, 2014 |
|---|---|---|---|
| Title | John Omavel Luciano v. Chase Bank et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** (In Chambers)

## ORDER DISMISSING CASE

On October 25, 2013, Jose Jaime Montero brought this action on behalf of Plaintiff John Omavel Luciano, via "power of attorney," against Chase Bank. (Docket No. 1 [Complaint ("Compl.")].) The Court issued an order to show cause why the case should not be dismissed for lack of jurisdiction on November 8, 2013. (Docket No. 5 [11/8/13 Order].) Plaintiff responded, however he did not address the jurisdictional defects present in his initial Complaint. (Docket No. 11 [12/2/13 Response].) The Court issued a second order to show cause on December 6, 2013. (Docket No. 13 [12/6/13 Order].) Plaintiff has now responded. (Docket No. 20 [12/23/13 Response]; Filing [12/30/13 Response].)

Like his last response, the new response is incoherent. Very few sentences express complete thoughts. A series of federal statutes and treaties are cited that touch on everything from the Trading with the Enemy Act of 1917 to gold clauses—even though this appears to be a case sounding in fraudulent foreclosure. (12/23/13 Response at 1, 2; see 12 U.S.C. § 95a; 31 U.S.C. § 5118.) And, reading generously into Plaintiff's language, he seems to be complaining that Defendants have not responded to some type of notice. (12/23/13 Response at 3.) These statements do nothing to address the Court's concerns.

Federal courts are courts of limited jurisdiction, and the burden of establishing jurisdiction rests upon the party asserting it. Kokkonen v. Guardian Life Ins. Co. Of Am., 511 U.S. 375, 377 (1994). This can be done either by asserting federal question jurisdiction, or by asserting diversity jurisdiction.

With respect to federal question jurisdiction, "a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.'"

JS - 6    **LINK: 20**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-7896 GAF-RZx | Date | January 7, 2014 |
|---|---|---|---|
| Title | John Omavel Luciano v. Chase Bank et al | | |

Vaden v. Discover Bank, 556 U.S. 49, 50 (2009) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)).  Simply quoting federal statutes, which clearly have no bearing on this case or any other case Plaintiff might conceivably bring, without creating a connection to the allegations of the Complaint, is insufficient to meet the standard described in Vaden.

With respect to diversity jurisdiction, this Court can hear a case when the amount in controversy exceeds $75,000 and the matter is between citizens of different states.  28 U.S.C. § 1332(a).  "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, i.e. every plaintiff must be diverse from every defendant."  Osborn v. Metropolitan Life Ins. Co., 341 F. Supp. 2d 1123, 1126 (E.D. Cal. 2004).  For purposes of § 1332(a), an individual's citizenship is based on the location of his domicile—"[his] permanent home, where [he] resides with the intention to remain or to which [he] intends to return."  Kanter v. Warner-Lambert Co., 265 F.2d 853, 857–58 (9th Cir. 2001).  A corporation is deemed to be a "citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business."  Id. at § 1332(c)(1) (emphasis added).  And "[a]ll national banking associations shall . . . be deemed citizens of the State in which they are respectively located."  A national banking association is deemed to be "located" for the purposes of citizenship in the state in which its main office, as set forth in its articles of incorporation, is located.  Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 307 (2006).  While Plaintiff alleges an amount in controversy of $756,000, (Compl. at 2), neither his Complaint nor his response to the Court's orders allege the citizenship of any of the parties involved in the action.  He therefore does not meet the requirements necessary for invoking this Court's diversity jurisdiction.

This Court must have federal question or diversity jurisdiction in order to hear Plaintiff's case, and Plaintiff does not allege facts sufficient to support either.  The Court has already given him multiple opportunities to address this issue, but his responses have not even remotely answered the Court's concerns.  Because the Court is convinced of the futility of granting Plaintiff additional opportunities to respond, this action is hereby **DISMISSED** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**